UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| RONALD KOPPERT, | Case No. 5:15-cv-00481-D |
| Plaintiff, | |
| v. | |
| PRUDENTIAL INSURANCE COMPANY OF AMERICA, | |
| Defendant. | |

## STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT

Plaintiff has requested production of certain documents or information from Defendant The Prudential Insurance Company of America. Defendant The Prudential Insurance Company of America anticipates producing certain confidential documents or information in response to the request. As evidenced by the signatures of their respective counsel below, Ronald Koppert ("Plaintiff"), The Prudential Insurance Company of America ("Prudential"), collectively "the Parties" herein, hereby stipulate to the terms of this Stipulated Protective Order And Confidentiality Agreement (the "Order") to provide for the protection of documents and information which contains confidential and/or proprietary information of that Party and/or any of his/its agents, employees, partners, parent or subsidiary entities, or other related entities, or of customers or other third parties with whom that Party does business (the "Protected Persons").

The Parties stipulate to this Order in order to provide for the discovery of certain alleged Confidential Information of the Protected Persons, as defined below, and to provide for the use of such Information solely in conjunction with Plaintiff's lawsuit arising out of a dispute regarding claims for disability benefits from an employee welfare benefit plan sponsored by

Lenovo (United States) Inc. (the "plan") and insured by Prudential under Group Contract No. G-44346-NC between Lenovo (United States) Inc., and Prudential. Therefore, it is hereby ordered as follows:

1. "Confidential Information" shall mean and include trade secrets, confidential, proprietary, non-public, private, commercial, and/or financial information of the Protected Persons or other information, the disclosure of which may cause competitive harm to the producing Party. With respect to documents which Prudential contends contains Confidential Information, such documents must be specifically designated as "Confidential" at the time such documents are produced or within ten (10) days thereafter in order to be treated as "Confidential Information." In particular, each document containing Confidential Information must either be plainly stamped with the term "Confidential" or be designated as "Confidential" in a writing sent within ten (10) days of production in order to be protected under the terms of this Agreement. Documents may be designated as Confidential more than ten (10) days after production if the producing party can demonstrate that the document was produced inadvertently.

2. Confidential Information shall be used solely in connection with Plaintiff's claim for benefits from the Plan she has made in this action, and shall not be used or disclosed for any other purpose unless authorized by the party that produced the information, or by order of the Court. Confidential Information shall be treated as confidential by the receiving Party, and her/its attorneys and other representatives, and will not be disclosed to anyone except as provided herein. Confidential Information produced may be disclosed only to the receiving Party, his/its attorneys, and supporting personnel employed by such attorneys.

3. Before filing any information that has been designated "Confidential Information" with the Court, or any pleadings, motions or other papers that disclose any such information,

2

counsel shall confer with counsel for the party that produced the information so designated about how it should be filed. If the party that produced the information so designated desires that the materials be filed under seal, then the filing party shall file the materials in accordance with Local Civil Rule 79.2, EDNC, with notice served upon the producing party. The filing of the materials under seal shall not be binding on the Court, however. Within 10 days of service of such notice, the party desiring that the materials be maintained under seal shall file with the Court a Motion to Seal and supporting memorandum of law specifying the interests which would be served by restricting public access to the information. The party that initially filed the materials need not file any such Motion to Seal or otherwise defend another party's desire that the materials remain sealed. The Court will grant the Motion to Seal only after providing adequate notice to the public and opportunity for interested parties to object, after carefully weighing the interests advanced by the movant and those interests favoring public access to judicial documents and records, and upon finding that the interests advanced by the movant override any common law or constitutional right of public access which may attach to the information. Documents submitted under seal in accordance with this paragraph will remain under seal pending the Court's ruling. If the party desiring that the information be maintained under seal does not timely file a Motion to Seal, then the materials will be deemed unsealed, without need for order of the Court.

4. The parties agree that, if a document containing Confidential Information is to be filed with the Court in the this action, they will follow the process outlined in paragraph 3 above. Otherwise, the parties agree not to disclose Confidential Information only to the receiving Party, his/its attorneys and supporting personnel employed by such attorneys. If the Court does not allow the Confidential Information to be filed under seal, the Party seeking to file the document

3

will redact it of Confidential Information, if possible, or otherwise will not file the document with the Court.

5. All copies of Confidential Information authorized to be reproduced under this Agreement will be treated as though they were originals and the confidentiality of each copy will be maintained in accordance with the terms and conditions hereof. Copies of all documents and other tangible things containing Confidential Information derived from Confidential Information shall also be treated as Confidential Information.

6. Should the Plaintiff challenge the designation of Confidential Information, Prudential shall have the burden of proving to the Court that said information is confidential.

7. Within thirty (30) days of the termination of this litigation, including any appeals, all originals and reproductions of any documents designated as Confidential Information under the Agreement by the Protected Persons shall be returned to the Protected Persons or destroyed in a manner designed to preserve confidentiality. If a Party elects to destroy any such documents or materials that are designated as Confidential Information, the Party shall send a written acknowledgment to the producing Party to notify the producing Party of the destruction.

8. In the event a Party inadvertently produces a document protected by the attorney client privilege or work product doctrine, such production shall not itself constitute a waiver of any applicable privilege. Instead, upon written request, the receiving Party shall return to the producing Party any inadvertently produced document with respect to which the producing Party asserts a claim of privilege. The Party will then provide a privilege log for any documents withheld pursuant to a claim of privilege.

4

9. This Agreement shall serve as a stipulation and agreement between the Parties, and shall be effective immediately as to each respective Party upon signature by counsel for such Party.

IT IS SO ORDERED:

_____
Robert B. Jones, Jr., U.S. Magistrate Judge
Dated: May 26, 2016

Prepared, presented, and stipulated to by:
Dated: May 3, 2016

By: */s/ Diana S. Kim*
Diana S. Kim
Seyfarth Shaw LLP
1075 Peachtree St., N.E.
Suite 2500
Atlanta, GA 30309-3958
Telephone: 404-881-5460
Facsimile: 404-885-1500
E-mail: dkim@seyfarth.com
*Attorneys for Defendant The Prudential Insurance Company of America*

By: */s/ Dan M. Hartzog Jr.*
Dan M. Hartzog Jr.
N.C. State Bar No. 35330
Cranfill Sumner & Hartzog LLP
Post Office Box 27808
Raleigh, NC 27611-7808
Telephone: 919-828-5100
Facsimile: 919-828-2277
E-mail: dhartzogjr@cshlaw.com
*Attorneys for Defendant The Prudential Insurance Company of America*

By: */s/ Ada W. Dolph*
Ada W. Dolph
Seyfarth Shaw LLP
131 South Dearborn St., Suite 2400
Chicago, IL 60603
Telephone: 312-460-5977
Facsimile: 312-460-7977
E-mail: adolph@seyfarth.com
*Attorneys for Defendant The Prudential Insurance Company of America*

By: */s/ Norris A. Adams, II*
Norris A. Adams, II
Essex Richards, P.A.
Attorneys at Law
1701 South Boulevard
Charlotte, NC 28203
Telephone: 704-377-4300
Facsimile: 704-372-1357
E-mail: NAdams@essexrichards.com
*Attorneys for Plaintiff Ronald Koppert*

By: */s/ Denise Y. Tataryn*
Denise Y. Tataryn
Hellmuth & Johnson, PLLC
8050 West 78th Street
Edina, MN 55439
Telephone: 952-460-9243
Facsimile: 952-941-2337
E-mail: DTataryn@hjlawfirm.com
*Attorneys for Plaintiff Ronald Koppert*

By: */s/ Karen L. Helgeson*
Karen L. Helgeson
Hellmuth & Johnson, PLLC
8050 West 78th Street
Edina, MN 55439
Telephone: 952-746-2161
Facsimile: 952-941-2337
E-mail: KHelgeson@hjlawfirm.com
*Attorneys for Plaintiff Ronald Koppert*